IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| SCHRADER-BRIDGEPORT INTERNATIONAL, INC., <br>       PLAINTIFF, <br> and <br> SCHRADER ELECTRONICS, INC., <br>       PLAINTIFF, <br> v. <br> CONTINENTAL AUTOMOTIVE SYSTEMS US, INC., <br>       DEFENDANT. | Civil Action No. 6:11-cv-00014-NKM <br><br> Hon. Judge Moon |

**DEFENDANT CONTINENTAL AUTOMOTIVE SYSTEMS US, INC.'S
ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant Continental Automotive Systems US, Inc.("Continental") answers the Complaint of Plaintiffs Schrader-Bridgeport International, Inc. and Schrader Electronics, Inc. (collectively, "Schrader") and counterclaims as follows:

**Parties**

1. Continental is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint and, therefore, denies same.

2. Continental is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint and, therefore, denies same.

3. Continental admits that it is a Delaware corporation. Its principal place of business is, however, at 2400 Executive Hills Boulevard, Auburn Hills, Michigan 48326, and its executive offices are at 1 Continental Boulevard, Auburn Hills, Michigan 48326. Continental denies the remaining allegations in paragraph 3 of the Complaint.

**Patent-In-Suit**

4. Continental admits that, on April 14, 2009, United States Patent No. 7,518,495 (the "'495 patent"), entitled "Universal Tire Pressure Monitor," was issued. Continental denies the remaining allegations in paragraph 4 of the Complaint.

5. Continental admits that a copy of the '495 patent purports to be attached as Exhibit A to the Complaint.

6. Continental is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint and, therefore, denies same.

7. Continental is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint and, therefore, denies same.

8. Continental is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint and, therefore, denies same.

9. Continental is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint and, therefore, denies same.

**Jurisdiction and Venue**

10. Continental admits that paragraph 10 of the Complaint purports to assert a claim for patent infringement arising under the United States patent laws, 35 U.S.C. §§ 1 et seq.

11. Continental admits that this Court has subject matter jurisdiction over these claims for patent infringement.

12. Continental admits that it sells auto parts directly to automotive manufacturers, which sell vehicles containing such parts throughout the United States, including Virginia and this District. Continental also admits to making and selling aftermarket automotive parts that are available at auto repair shops, parts wholesalers, and retail outlets throughout the United States, including Virginia and this District. Continental admits that it is selling or offering for sale its

REDI-Sensor product to retailers in Virginia or this District.  Continental admits that it has offices in Virginia and at 615 Bland Blvd., Newport News, Virginia 23602 and that an affiliate, formerly known as Continental Teves, Inc. and now known as Continental Automotive Systems, Inc., has an office located at 13456 Lovers Lane, Culpeper, Virginia 22701.  Continental denies the remaining factual allegations in paragraph 12 of the Complaint, including but not limited to the implication that the offices in Newport News and Culpeper, Virginia in any way relate to the REDI-Senor or this lawsuit.  The remaining allegations of this paragraph 12 of the Complaint constitute arguments or conclusions of law that Continental is not required to admit or deny.  To the extent a response is necessary, the remaining allegations are denied.

13. Continental denies the allegations in paragraph 13 of the Complaint.

14. Continental is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint and, therefore, denies same.

15. Continental is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint and, therefore, denies same.

**Facts**

16. The allegations of this paragraph 16 of the Complaint purport to quote language from the claims of the '495 patent and apply them to the REDI-Sensor.  Accordingly, the allegations of this paragraph 16 of the Complaint constitute arguments or conclusions of law that Continental is not required to admit or deny.  To the extent a response is necessary, the allegations are denied.

17. The allegations of this paragraph 17 of the Complaint purport to quote language from the claims of the '495 patent and apply them to the REDI-Sensor.  Accordingly, the allegations of this paragraph 17 of the Complaint constitute arguments or conclusions of law that

Continental is not required to admit or deny. To the extent a response is necessary, the allegations are denied.

18. The allegations of this paragraph 18 of the Complaint purport to quote language from the claims of the '495 patent and apply them to the REDI-Sensor. Accordingly, the allegations of this paragraph 18 of the Complaint constitute arguments or conclusions of law that Continental is not required to admit or deny. To the extent a response is necessary, the allegations are denied.

19. The allegations of this paragraph 19 of the Complaint purport to quote language from the claims of the '495 patent and apply them to the REDI-Sensor. Accordingly, the allegations of this paragraph 19 of the Complaint constitute arguments or conclusions of law that Continental is not required to admit or deny. To the extent a response is necessary, the allegations are denied.

20. The allegations of this paragraph 20 of the Complaint purport to quote language from the claims of the '495 patent and apply them to the REDI-Sensor. Accordingly, the allegations of this paragraph 20 of the Complaint constitute arguments or conclusions of law that Continental is not required to admit or deny. To the extent a response is necessary, the allegations are denied.

21. The allegations of this paragraph 21 of the Complaint purport to quote language from the claims of the '495 patent and apply them to the REDI-Sensor. Accordingly, the allegations of this paragraph 21 of the Complaint constitute arguments or conclusions of law that Continental is not required to admit or deny. To the extent a response is necessary, the allegations are denied.

A/74541383.6

22. The allegations of this paragraph 22 of the Complaint constitute arguments or conclusions of law that Continental is not required to admit or deny. To the extent a response is necessary, the allegations are denied.

23. Continental admits that its REDI-Sensor is available in two versions, one that transmits at a frequency of 315 MHz and one that transmits at a frequency of 433.92 MHz. Continental denies that a version of its REDI-Sensor transmits at a frequency of 433 MHz. The remaining allegations of this paragraph 23 of the Complaint constitute arguments or conclusions of law that Continental is not required to admit or deny. To the extent a response is necessary, the remaining allegations are denied.

24. Continental denies the allegations in paragraph 24 of the Complaint.

25. Continental admits that it imports the REDI-Sensor into the United States.

26. Continental admits that it offers the REDI-Sensor for sale in the United States.

27. Continental admits that it sells the REDI-Sensor in the United States.

28. Continental admits that it sells the REDI-Sensor to third parties for resale. The remaining allegations of this paragraph 28 of the Complaint constitute arguments or conclusions of law that Continental is not required to admit or deny. To the extent a response is necessary, the remaining allegations are denied.

29. Continental denies the allegations in paragraph 29 of the Complaint.

## Count I – Infringement of U.S. Patent No. 7,518,495

30. Responding to paragraph 30 of the Complaint, Continental incorporates by reference its responses to each of the incorporated allegations as set forth above.

31. Continental denies the allegations in paragraph 31 of the Complaint.

32. Continental denies the allegations in paragraph 32 of the Complaint.

33. Continental denies the allegations in paragraph 33 of the Complaint.

## Prayer for Judgment and Relief

WHEREFORE, Continental denies that Schrader is entitled to any of the relief requested in its Prayer for Relief.

(a) Continental denies that Schrader is entitled to the relief requested in paragraph (a) of the Prayer for Relief.

(b) Continental denies that Schrader is entitled to the relief requested in paragraph (b) of the Prayer for Relief.

(c) Continental denies that Schrader is entitled to the relief requested in paragraph (c) of the Prayer for Relief.

(d) Continental denies that Schrader is entitled to the relief requested in paragraph (d) of the Prayer for Relief.

(e) Continental denies that Schrader is entitled to the relief requested in paragraph (e) of the Prayer for Relief.

(f) Continental denies that Schrader is entitled to the relief requested in paragraph (f) of the Prayer for Relief.

(g) Continental denies that Schrader is entitled to the relief requested in paragraph (g) of the Prayer for Relief.

## AFFIRMATIVE DEFENSES

Continental alleges and asserts the following affirmative defenses in response to the allegations in Schrader's Complaint. Continental reserves the right to assert any separate and additional defenses that may be supported by information or facts obtained through discovery or other means during this case and expressly reserves the right to amend its Answer and Counterclaims to assert such separate and additional defenses and counterclaims in the future.

### First Affirmative Defense

Continental has not directly or indirectly infringed any valid claim of the '495 patent, either literally or under the doctrine of equivalents.

### Second Affirmative Defense

Each claim of the '495 patent is invalid and/or void for failure to comply with the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Third Affirmative Defense

Schrader's claims of infringement with respect to the '495 patent are barred in whole or in part by the doctrine of prosecution history estoppel.

### Fourth Affirmative Defense

Each claim of the '495 patent is unenforceable due to waiver and/or estoppel.

### Fifth Affirmative Defense

Schrader is not entitled to injunctive relief because any alleged injury to Schrader is not immediate or irreparable, and Schrader has an adequate remedy at law.

### Sixth Affirmative Defense

To the extent that Schrader failed to comply with any applicable provisions of 35 U.S.C. § 287, Schrader's claims for damages arising from the alleged infringement of the '495 patent are limited pursuant to § 287.

WHEREFORE, Continental asks that this Court to dismiss with prejudice Schrader's action against Continental and enter judgment that Schrader take nothing on its claims against Continental and award Continental its attorneys' fees and costs of defending this action and such other and further relief as it may be entitled.

## COUNTERCLAIMS

Continental Automotive Systems US, Inc.("Continental") asserts the following counterclaims against Schrader-Bridgeport International, Inc. and Schrader Electronics, Inc. (collectively, "Schrader"):

### I.     Nature of the Action

34.     This is an action for a judgment declaring United States Patent No. 7,518,495 (the "'495 patent") to be invalid and not infringed.

### II.     The Parties

35.     Continental is a Delaware corporation and has its principal place of business at 2400 Executive Hills Boulevard, Auburn Hills, Michigan 48326.

36.     According to the Complaint, Schrader-Bridgeport International, Inc. is a Delaware corporation and has its principal place of business at 205 Frazier Road, PO Box 668, Alta Vista, Virginia 24517.

37.     According to the Complaint, Schrader Electronics, Inc. is a Delaware corporation and has its principal place of business at 1940 Opdyke Court, Auburn Hills, Michigan 48236.

### III.     Jurisdiction and Venue

38.     These counterclaims arise under the United States patent laws, 35 U.S.C. § 101 et seq., and seek declaratory relief for which this Court has subject matter jurisdiction pursuant to 35 U.S.C. §§ 271 and 281, and 28 US.C. §§ 1331, 1338, 2201, and 2202.

39.     An actual justiciable controversy exists under the Declaratory Judgment Act with respect to the alleged infringement, validity, and enforceability of the '495 patent.

40.     The Court has personal jurisdiction over Schrader by virtue of its filing of this action.

41. To the extent that this action remains in this District, venue is appropriate for Continental's counterclaims because Schrader has consented to the propriety of venue in this Court by filing its claims for patent infringement in this Court.

### IV.   FIRST COUNTERCLAIM
**Declaration of Non-infringement**

42. Continental re-alleges and incorporates by reference the allegations of Paragraphs 1 through 41 as if fully set forth herein.

43. An actual and justiciable controversy exists between Continental and Schrader with respect to the '495 patent. Absent a declaration of non-infringement, Schrader will continue to wrongfully assert the '495 patent against Continental, and thereby cause Continental irreparable injury and damage.

44. Continental does not infringe any valid claims of the '495 patent, either literally or under the doctrine of equivalents, and Continental has not actively induced or contributed to the infringement of the '495 patent; and, Continental is entitled to a declaration to that effect.

### V.   SECOND COUNTERCLAIM
**Declaration of Invalidity**

45. Continental re-alleges and incorporates by reference the allegations of Paragraphs 1 through 44 as if fully set forth herein.

46. An actual and justiciable controversy exists between Continental and Schrader with respect to the validity of the '495 patent. Absent a declaration of invalidity, Schrader will continue to wrongfully assert the '495 patent against Continental, and thereby cause Continental irreparable injury and damage.

47. The '495 patent is invalid and void under the provisions of Title 35, United States Code, including, but not limited to, Sections 101, 102, 103, and/or 112; and, Continental is entitled to a declaration to that effect.

## VI.  PRAYER

WHEREFORE, Continental prays that the Court enter judgment:

48. Dismissing Schrader's Complaint with prejudice;

49. Declaring that Continental does not infringe or contribute to or induce infringement of the claims of the '495 patent, either literally or under the doctrine of equivalents;

50. Declaring that the claims of the '495 patent are invalid and that the '495 patent is void;

51. Declaring that this is an exceptional case under 35 U.S.C. § 285 and awarding Continental its reasonable costs and attorneys' fees;

52. Enjoining Schrader from litigating any action in any other court against Continental or its customers for infringement of the '495 patent; and

53. Granting such other and further relief to Continental that this Court deems just and proper.

Continental reserves the right to amend its Answer and Counterclaims to raise additional affirmative defenses and counterclaims, if warranted by subsequent investigation.  By providing this Answer and Counterclaims, Continental does not waive or relinquish any present or potential affirmative defense or counterclaim.

### JURY DEMAND

Continental demands a trial by jury on all issues presented in this Answer and Counterclaims.

Dated: October 17, 2011                    Respectfully submitted,

CONTINENTAL AUTOMOTIVE
SYSTEMS US, INC.

By Counsel

/s/ David E. Finkelson
David E. Finkelson (VSB # 44059)
MCGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, VA 23219-4030
Telephone: (804) 775-1157
Fax: (804) 225-5377
E-mail: dfinkelson@mcguirewoods.com

Boyd Cloern (DCBN 471829) (*pro hac vice*)
BINGHAM MCCUTCHEN LLP
2020 K Street NW
Washington, DC 20006-1806
Telephone: (202) 373-6000
Facsimile: (202) 373-6001
E-mail: boyd.cloern@bingham.com

*Counsel for Defendant Continental Automotive Systems US, Inc.*

11

A/74541383.6

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send the electronic notification of such filing to:

Bryan Patrick Collins
Robert Michael Fuhrer
Sarah Rochelle Greene
PILLSBURY, WINTHROP, SHAW, PITTMAN, LLP
1650 Tysons Boulevard
McLean, Virginia 22102-4859

*Counsel for Plaintiffs Schrader-Bridgeport International, Inc. and Schrader Electronics, Inc.*

/s/ David E. Finkelson
David E. Finkelson (VSB # 44059)
MCGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, VA 23219-4030
Telephone: (804) 775-1157
Fax: (804) 225-5377
E-mail: dfinkelson@mcguirewoods.com

*Counsel for Defendant Continental Automotive Systems US, Inc.*